**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| U.S. AUTO SALES, INC. D/B/A US AUTO SALES[1] | ) ) ) | Case No. 23-11251 (TMH) |
| | ) | **Hearing Date: (Per Local Rule 1015-1, no hearing is necessary unless the Court orders otherwise)** |
| DEBTOR. | ) ) | **Objection Deadline: N/A** |
| IN RE: | ) | Chapter 7 |
| | ) | |
| U.S. AUTO FINANCE, INC. | ) ) | Case No. 23-11252 (TMH) |
| DEBTOR. | ) ) | |
| IN RE: | ) | Chapter 7 |
| | ) | |
| U.S. AUTO RECEIVABLES FINANCING, LLC | ) ) | Case No. 23-11253 (TMH) |
| DEBTOR. | ) ) | |
| IN RE: | ) | Chapter 7 |
| | ) | |
| USASF, LLC | ) ) | Case No. 23-11254 (TMH) |
| DEBTOR. | ) ) | |
| IN RE: | ) | Chapter 7 |
| | ) | |
| USASF NATIONAL CORP. | ) ) | Case No. 23-11255 (TMH) |
| DEBTOR. | ) ) | |
| IN RE: | ) | Chapter 7 |
| | ) | |
| USASF SERVICING, LLC | ) ) | Case No. 23-11256 (TMH) |
| DEBTOR. | ) ) | |

**MOTION FOR ENTRY OF AN ORDER
PROVIDING FOR JOINT ADMINISTRATION
OF CHAPTER 7 CASES**

Don A. Beskrone, the Chapter 7 Trustee (the "Trustee") for the above-captioned debtors

---

[1] The last four digits of Debtors' federal tax identification number are 2294. Debtors' mailing address is 1855 Satellite Blvd, Suite 100, Duluth, GA 30097.

{01941382;v1 }

U.S. Auto Sales, Inc. d/b/a US Auto Sales, U.S. Auto Finance, Inc., U.S. Auto Receivables Financing, LLC, USASF, LLC, USASF National Corp. and USASF Servicing, LLC (collectively, the "Debtors"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, providing for joint administration of the above-captioned chapter 7 cases (the "Chapter 7 Cases"), for procedural purposes only. In support of this Motion, the Trustee relies on his Declaration (the "Beskrone Declaration") attached hereto as **Exhibit B** and respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue in this District of the Chapter 7 Cases and of this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis and other authority for the relief requested herein is section 105 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq*.) (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Pursuant to Local Rule 9013-1, the Trustee consents to entry of a final order or judgment by the Court with respect to this matter if it is determined the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND[2]

4. On August 25, 2023 (the "Petition Date"), the Debtors commenced their Chapter 7 Cases by filing chapter 7 petitions in this Court. (*See* Chapter 7 cases, Dkt. Nos. 1.)

5. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Case.

6. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) is scheduled for September 27, 2023.

7. Prior to the Petition date, the Trustee understands the Debtors were used car sales and finance companies, commonly known as a "buy here/pay here" car dealer, with dealerships throughout the southeastern United States. Upon information and belief, the Debtors were founded in 1992.

8. The Petitions filed in each Chapter 7 Case appear to be nearly identical in most respects.

9. The Corporate Ownership Statement filed in the Chapter 7 Cases lists the following connections:

- Debtor USASF National Corp. owns 10% or more of the equity interest of Debtors U.S. Auto Sales, Inc., and U.S. Auto Finance, Inc.;

- Debtor U.S. Auto Finance, Inc. owns 10% or more of the equity interest of Debtor U.S. Auto Receivables Financing, LLC;

- Debtor USASF LLC owns 10% or more of the equity interest of Debtor USASF National Corp.; and

- Debtor USASF LLC owns 10% or more of the equity interest of Debtor USASF Servicing LLC.

---

[2] The Trustee recites this background based on a preliminary and ongoing investigation of the Debtors and their respective business(es). The Trustee reserves his right to amend or alter this background or other asserted statements of fact as the Trustee and his professionals learn more through further investigation.

**RELIEF REQUESTED**

10.     By this Motion, the Trustee respectfully requests entry of an order providing for the joint administration of the Chapter 7 Cases for procedural purposes only. The Trustee requests that the Court maintain under the U.S. Auto Sales, Inc. case number just one file and one docket for each of the jointly administered cases, and that these Chapter 7 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| U.S. AUTO SALES, INC. D/B/A US AUTO SALES, *et al.*[1] | ) ) | Case No. 23-11251 (TMH) |
| | ) ) | (Jointly Administered) |
| Debtors. | ) | |

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: U.S. Auto Sales, Inc. (2294), U.S. Auto Finance, Inc. (9544), U.S. Auto Receivables Financing, LLC, (2297), USASF, LLC (8885), USASF National Corp. (4652) and USASF Servicing, LLC (5315).

11.     The Trustee also requests that an entry be made on the docket in each of the Chapter 7 cases substantially as follows:

> In accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, an order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 7 Cases commenced by chapter 7 debtors U.S. Auto Sales, Inc. d/b/a US Auto Sales, U.S. Auto Finance, Inc., U.S. Auto Receivables Financing, LLC, USASF, LLC, USASF National Corp. and USASF Servicing, LLC   All further filings of motions, applications, objections, pleadings, and other papers and all further docket entries shall be made only in Case No. 23-11251 (TMH).

12.     Finally, the Trustee requests Court authority to use a combined service list for the jointly administered cases and that combined notices be sent to creditors of the Debtors'

estates.

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f…two or more petitions are pending in the same court by or against…(4) a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under Bankruptcy Code section 101(2)(B). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. *See also* 11 U.S.C. § 105(a) (authorizing this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.")

14. Additionally, Local Rule 1015-1 provides that this Court may order joint administration, "without notice and an opportunity for hearing," upon the filing of a motion requesting joint administration supported by an affidavit, declaration or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and parties.

15. This Motion, and the Declaration of Don A. Beskrone attached hereto as **Exhibit B**, establish that joint administration of these Chapter 7 Cases is warranted because, without limitation: (a) the Debtors state in their bankruptcy petitions that the Debtors are affiliates; and (b) joint administration will ease the administrative burden on the Court, the Trustee and his counsel, the Clerk of this Court (the "Clerk"), and creditors and parties in interest.

16. The Trustee anticipates numerous notices, applications, motions, pleadings, hearings, and orders entered in these Chapter 7 Cases potentially will affect each of the Debtors. The failure to administer these cases jointly would result in numerous duplicative filings being required on common issues. Such duplication and related service of substantially identical

documents would be extremely wasteful and would unnecessarily burden the Trustee and the Clerk.

17. Joint administration of these Chapter 7 Cases will permit the Clerk to use a single general docket for each case and to combine required notices to creditors and other parties in interest of both bankruptcy estates (most of which will be the same, in any event). Joint administration also will ensure parties in interest in each of the respective Chapter 7 Cases will be apprised of the various matters filed with the Court pertaining to one or both of the cases.

18. The Trustee requests entry of an order requiring that all parties use the official caption (in the form set forth in paragraph 11 above) for all filings in the jointly administered cases.

19. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 7 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each case involves nearly all of the same creditors, with the same claim amounts. Creditors and parties in interest will maintain whatever rights they have against the particular estate in which they allegedly have a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court and Clerk's office also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Moreover, supervision by the Office of the United States Trustee of the administrative aspects of the Chapter 7 Cases will be simplified.

### REQUEST FOR IMMEDIATE ENTRY OF ORDER

20. Pursuant to Local Rule 1015-1, the Trustee requests entry of an order granting this Motion without a hearing. If the Court believes a hearing is necessary, this Motion may

be scheduled for a telephonic hearing at the convenience of the Court. The Trustee will serve any order entered with respect to this Motion upon the following parties or, in lieu thereof, to their counsel if known: (i) the Office of the United States Trustee, (ii) counsel for the Debtors, and (iii) all parties who have requested notice in either case pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

21. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A**: (a) authorizing the joint administration of the Debtors' Chapter 7 Cases, and (b) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: September 25, 2023 | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Ricardo Palacio*<br>Ricardo Palacio (DE Bar No. 3765)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Tel: (302) 654-1888<br>Email: RPalacio@ashbygeddes.com<br><br>*(Proposed) Counsel for Don A. Beskrone, Chapter 7 Trustee* |