# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| U.S. AUTO SALES, INC. D/B/A US AUTO ) | Case No. 23-11251 (TMH) |
| SALES, *et al.*[1] ) | |
| ) | |
| Debtors. ) | **Objections Due: October 12, 2023 at 4:00 p.m. (ET)** |
| ) | **Hearing Date: October 23, 2023 at 10:00 a.m. (ET)** |

### APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327, 328 AND 330, FED. R. BANKR. P. 2014 AND 2016 AND LOCAL RULE 2014-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF BEDERSON LLP AS ACCOUNTANTS TO DON A. BESKRONE, CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO AUGUST 25, 2023

Don A. Beskrone, Chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their estates, pursuant to 11 U.S.C. §§ 327, 328 and 330 of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby files this application (the "Application") seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Bederson LLP ("Bederson") as accountants to the Trustee *nunc pro tunc* to August 25, 2023. In support of the Application, the Trustee relies upon and incorporates by reference the Declaration of Charles N. Persing (the "Persing Declaration"), attached hereto as **Exhibit B**. In further support of the Application, the Trustee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: U.S. Auto Sales, Inc. (2294), U.S. Auto Finance, Inc. (9544), U.S. Auto Receivables Financing, LLC, (2297), USASF, LLC (8885), USASF National Corp. (4652) and USASF Servicing, LLC (5315).

{01941983;v1 }

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these Cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A). The Trustee confirms his consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1.

5. Pursuant to Local Bankruptcy Rule 9013-1, Bederson consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND[2]

6. Prior to the Petition Date (as defined below), the Trustee understands that the Debtors owned and operated a used car dealership and provided financing. The Trustee further understands that Debtors' principal place of business was 1855 Satellite Blvd., Suite 100, Duluth, GA 30097.

7. On August 25, 2023 (the "Petition Date"), the Debtors filed voluntary petitions

---

[2] The Trustee recites this background based on a preliminary and ongoing investigation of the Debtors and its business. The Trustee reserves the right to delete, amend, or expand upon any statement of fact as the Trustee and his professionals learn more about the Debtors.

{01941983;v1 }    2

under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases"). [Docket Nos. 1]. On the same day, the Debtors filed their schedules of assets and liabilities, as well as its statement of financial affairs [Docket Nos. 3].

8. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in these Cases.

9. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on September 27, 2023.

**RELIEF REQUESTED**

10. By this Application, the Trustee seeks authority to retain and employ Bederson pursuant to sections 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 as his accountants, effective *nunc pro tunc* to August 25, 2023.

**BASIS FOR RELIEF**

11. As set forth in section 327(a) of the Bankruptcy Code, a trustee, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). The term "disinterested person" is defined as "a person that—(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason." 11 U.S.C. § 101(14).

12. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to Court approval, professional persons to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. *See* 11 U.S.C. § 328(a).

### A.     Bederson's Qualifications

13. The Trustee seeks to employ Bederson as accountants because of Bederson's knowledge and expertise in providing accounting services to bankruptcy trustees and debtors. Bederson's accountants are Certified Fraud Examiners and Certified Insolvency and Restructuring Advisors, with experience in analyzing Debtors' books and records. Bederson is a private firm that employs approximately forty-five (45) professionals. Bederson and its professionals frequently act as SubChapter V trustees, receivers, and accountants and advisors to Chapter 11 and Chapter 7 trustees, liquidation trustees and creditors' committees in bankruptcy cases throughout New Jersey, as well as New York, Pennsylvania, Delaware and Connecticut.

14. The Trustee believes that Bederson has the requisite expertise to perform the accounting services for which its employment is proposed. Bederson is able to quickly staff and complete tasks within the necessary time period in these Cases. The Trustee believes Bederson is eminently qualified to serve in these Cases and that, accordingly, the employment of Bederson by the Trustee is in the best interest of the estate.

### B.     Bederson is a Disinterested Person

15. The Trustee further believes that Bederson has no disqualifying conflicts of interest. As set forth in the Persing Declaration, and subject to the disclosures therein, after due inquiry, neither Bederson nor any principal or professional employee of Bederson (a) is related professionally to the Debtors, their creditors or any other party in interest herein, the United States

Trustee, or anyone employed in the United States Trustee's Office, or (b) has any connection with or holds or represents any interest adverse to the Debtors, their estate, creditors, or any other party in interest herein in the matters for which Bederson is proposed for employment.

16. As further set forth in the Persing Declaration, Bederson has not provided accounting services and is not providing accounting services to any parties in interest and has not been retained to assist any entity or person other than the Trustee on matters relating to, or in connection with, these Cases except as disclosed in the Persing Declaration. As further set forth in the Persing Declaration, should the Court approve the Trustee's proposed employment of Bederson, Bederson will not accept any engagement or perform any service in these Cases for any entity or person other than the Trustee. As further set forth in the Persing Declaration, Bederson has advised the Trustee that it does not have or represent any interest adverse to the interest of the Trustee, Debtors, or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, their creditors or the Trustee.

17. Thus, as set forth in the Persing Declaration, and subject to the disclosures therein, Bederson is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, such that none of Bederson's officers, directors, managers, members, partners, and employees:

    (a) Is a creditor, an equity security holder, or an insider of the Debtors;

    (b) Is or was, within 2 years before the Petition Date, a director, officer, or employee of the Debtors; and

    (c) Has an interest materially adverse to the interest of the estate or any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

18. The Trustee therefore believes Bederson is qualified to serve as accountants to the

Trustee in these Cases.

### C. Terms of Bederson's Employment

19. The services Bederson may be required to render to the Trustee include, without limitation, the following:

- (a) Collection and analysis of the historical financial data of the Debtors or their predecessors;

- (b) Assistance to IT professionals for preservation of companies' electronic records;

- (c) Reviewing the Debtors' (or their predecessors) books and records to determine the existence of preferences, fraudulent conveyances, or other potential claims or causes of actions that could be filed in an effort to collect monies owed to the Debtors' estate;

- (d) Assistance to Trustee in responding to creditors secured and unsecured related to financial aspects of the estate;

- (e) Analysis of the financial ramifications of certain transactions involving the Debtors, their predecessors, and other third parties;

- (f) Perform or review valuations, as appropriate and necessary, of the Debtors' businesses, assets and liabilities;

- (g) Preparation of a report(s) of Bederson's findings and analyses;

- (h) Providing general accounting advisory services to the Trustee regarding the administration of the bankruptcy estate;

- (i) Review of and assistance in the preparation and filing of any federal and state and local tax returns, providing assistance regarding existing and future IRS examinations, reviewing books and records to determine any potential tax refunds or insurance refunds, and any other tax or financial assistance as may be requested from time to time by the Trustee;

- (j) Assisting the Trustee or his professionals with respect to termination of any employee benefit plan including but not limited to employee ESOP, 401K, cobra or other such plans and responding to participant questions and assisting other professionals regarding such plans;

- (k) Interpreting, analyzing and providing advice regarding any financial materials (business plans, cash flow projections, restructuring programs, and other reports or analyses), including accounting, tax, statistical, financial and economic data, valuation, or related issues that may arise in

the course of this proceeding regarding the Debtors and other relevant parties;

(l) Assisting the Trustee's attorneys and other professionals in the sale or recovery of assets, preparation, evaluation, and prosecution of any potential litigation, including testimony to the extent such support is appropriate and required and as may be requested by the Trustee and/or his counsel;

(m) Provide assistance in the day to day operations of the Debtors including assisting with monthly reports to interested parties, developing operating budgets, assisting building manager in financial and operational issues as they arise;

(n) Assisting in valuation and/or sale of assets including industry research, qualifying brokers, if needed, and negotiations for sale of assets and assistance during the sale process from initial contact with potential buyers until sale of assets;

(o) Assisting other professionals employed by the Trustee;

(p) Assist the Trustee and professionals in all aspects of sales process including but not limited to preparation of due diligence, working with potential buyers during sales process asset inspection, and negotiations;

(q) Reviewing payroll and payroll tax filings, and coordinate with the Debtors and payroll services to comply with payroll filing regulations, and produce and distribute employee W-2s and W-3s;

(r) Oversite and supervision of consultants and other professionals, including but not limited to auctioneers, 1099 consultants, hired to facilitate the completion of the Debtors' accounting prepetition, collection of receivables and sale or liquidation of the assets;

(s) Providing testimony on various matters, as requested; and

(t) Performing all other services for the Trustee which are appropriate and proper in these Cases.

Bederson will not be engaged to perform, and will not perform, any duties that are duties of the Trustee under the Bankruptcy Code.

20. The Trustee requests that Bederson be compensated for its professional services on an hourly basis, plus reimbursement of reasonable out-of-pocket expenses incurred in the course of providing such services.

21. Bederson intends to apply for compensation for professional services rendered in connection with the Case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code. The current hourly rates of the professionals most likely to render services in the Case range from $180.00 to $490.00 per hour.[3] Bederson typically updates its hourly rates once per year, usually in January, and reserves the right to do so in these Cases. Bederson's expenses will be charged at actual costs incurred (and will include charges for employment-related travel, lodging, meals, copying, telephone, and facsimile charges). Bederson is aware it will be compensated only as authorized by further order of this Court following submission of a fee application submitted in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules and any further order of the Court.

22. The Trustee submits that, in his experience, this compensation arrangement is consistent with and typical of compensation arrangements with accounting firms for similar services provided to clients such as the Trustee, both in and out of chapter 7. The Trustee further submits that, in his experience, Bederson's customary hourly rates are fair and reasonable.

23. As set forth in the Persing Declaration, Bederson has not shared or agreed to share any of its compensation in these Cases with any other person, other than a principal, professional or employee of Bederson, as permitted by section 504 of the Bankruptcy Code, and Bederson's proposed employment is not prohibited by Bankruptcy Rule 5002.

24. The Trustee also seeks to employ Bederson *nunc pro tunc* to August 25, 2023. Since that date, Bederson has been providing services as requested by the Trustee.

---

[3] These rates reflect the effect of an hourly rate increase as part of the firm's annualized rate analysis and increases firm-wide. The following reflect the hourly rates in effect during the pendency of this Case: $390-$490 for Partners; $360 for Directors; $285-$300 for Senior Accountants; $190 for Staff Accountants; $180 for Para Professionals; $190 for IT Specialists; and $300 for Tax Managers.

D.    *Nunc Pro Tunc*

25.    The Trustee and the estate have benefited from the work performed by Bederson as a result of its work related to participating in several conference calls and exchanging numerous emails with Debtors' former personnel and Trustee to coordinate delivery of records and review case background; following up with the Debtors' principals to request financial and tax records; reviewing and analyzing issues in accounting records concerning Debtors' sale of assets; and undertaking other measures to benefit the estate.  The Trustee submits there is no doubt about Bederson's "disinterestedness" and there existed no intentional design to delay the filing of the instant application.

## NOTICE

26.    The Trustee has provided notice of this Application via electronic mail (where possible) to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) any persons who have filed a request for notice in these Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

27.    No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the

Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 28, 2023 | **ASHBY & GEDDES, P.A.** |
| | */s/ Ricardo Palacio* |
| | Ricardo Palacio (DE Bar No. 3765) |
| | 500 Delaware Avenue, 8th Floor |
| | P.O. Box 1150 |
| | Wilmington, Delaware 19899 |
| | Tel: (302) 654-1888 |
| | Email: RPalacio@ashbygeddes.com |
| | |
| | *(Proposed) Counsel for Don A. Beskrone, Chapter 7 Trustee* |