**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| U.S. AUTO SALES, INC. D/B/A US ) | Case No. 23-11251 (TMH) |
| AUTO SALES, *et al.*[1] ) | |
| ) | Objection Deadline: November 14, 2023 at 4:00 p.m. (ET) |
| ) | Hearing Date: December 7, 2023 at 2:00 p.m. (ET) |
| Debtors. ) | |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 COMPELLING THE PRODUTION OF RECORDS FROM RSM US LLP**

Don A. Beskrone, the Chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, hereby moves the Court (the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, directing RSM US LLP ("RSM") to produce to the Trustee certain tax and other records related to the Debtors. In support of this Motion, the Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court (the "Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2004, and Local Rule

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: U.S. Auto Sales, Inc. (2294), U.S. Auto Finance, Inc. (9544), U.S. Auto Receivables Financing, LLC, (2297), USASF, LLC (8885), USASF National Corp. (4652) and USASF Servicing, LLC (5315).

{01952185;v2 }

2004-1.

3. The Trustee confirms his consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### A. General Background

4. Prior to the Petition Date (as defined below), the Trustee understands the Debtors were used car sales and finance companies, commonly known as a "buy here/pay here" car dealer, with dealerships throughout the southeastern United States. The Trustee further understands that Debtors' principal place of business was 1855 Satellite Blvd., Suite 100, Duluth, GA 30097. Upon information and belief, the Debtors were founded in 1992.

5. On August 25, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases"). [Docket Nos. 1]. On the same day, the Debtors filed their schedules of assets and liabilities, as well as its statement of financial affairs [Docket Nos. 3].

6. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in these Case. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on September 27, 2023. Mr. Beskrone thus serves as the trustee of the Debtors pursuant to 11 U.S.C. § 702(d).

7. The Trustee is in the process of investigating the Debtors' assets with the intent of maximizing value for the benefit of creditors.

8. The Trustee has not filed a motion to operate the businesses of the Debtors

pursuant to 11 U.S.C. § 721. The Trustee understands the Debtors currently have no ongoing business operations.

    **B.**  **The Trustee's Need and Request for Tax Records Relating to the Debtors**

    9.  In connection with his administration of the Debtors' estates, the Trustee requires access to and copies of the Debtors' tax records (and related documents) (collectively, the "<u>Tax Records</u>"). To that end, the Trustee, through his professionals, contacted RSM, the Debtors' prepetition accountants, to obtain such Tax Records.

    10.  As a condition to releasing the Tax Records to the Trustee (and his Court-approved accountants, Bederson LLP ("<u>Bederson</u>")), RSM is requiring that the Trustee and/or Bederson execute a "Successor Accountant Release" letter. That letter, however, contains terms, waivers and limitations that conflict with Bederson's duties to the Trustee and, consequently, will prejudice the Trustee's administration of the Debtors' estates. Despite efforts to reach an alternative arrangement that would allow for RSM's production of the Tax Records, no such agreement could be reached. RSM has, however, indicated that it would comply with a court order directing the production of the Tax Records. Thus, the Trustee seeks the entry of an order pursuant to Bankruptcy Rule 2004 compelling the production of the Tax Records.

## **RELIEF REQUESTED**

**A.**  **The Trustee is Entitled to the Requested Tax Records, Which Are Necessary to the Administration of the Debtors' Estates.**

    11.  Bankruptcy Rule 2004 provides that the Court, upon the motion of a party in interest, may order the examination of the Debtor or any party in interest. Rule 2004 provides, in pertinent part, as follows:

> a) *Examination on Motion*. On Motion of any party in interest, the Court may order the examination of any entity.
>
> b) *Scope of Examination*. The examination of any entity under

> this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> c) *Compelling Attendance and Production of Documents*. The attendance of an entity for examination and the production of documents . . . may be compelled in the manner provided in Rule 9016 for the attendance of a witness at a hearing or trial. . . .

Fed. R. Bankr. P. 2004(a)-(c).

12. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). Proper goals of Rule 2004 examinations include "'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citation omitted)); *see also ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 270 n.6 (S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a trustee in a bankruptcy proceeding to 'learn quickly about the debtor entity' so that he or she may 'maximize the realization of the debtor's estate' and 'discover the existence and location of assets of the estate.'") (citations omitted).

13. "Third parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Thus, "[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *Ionosphere Clubs, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). "The scope of a Rule 2004 examination is 'unfettered and broad.'" *Wash. Mut.*, 408 B.R. at 49 (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y.

1996)).  Indeed, the scope and breadth of Rule 2004 have been described as "in the nature of a 'fishing expedition.'" *Id*.

14. A Rule 2004 examination is warranted here. The Trustee requires the Tax Records to facilitate his review of the Debtors' assets and liabilities, to ensure that opening balances on the tax returns are accurately carried forward, to address any retained earnings discrepancies that may exist between prior tax returns and the Debtor's accounting records, to prepare tax returns for the Debtors' estates until the Bankruptcy Estate is fully administered, and to determine whether there are any book-to-tax differences that need to be included on Schedule M-3 of the tax returns. The Trustee's request falls squarely within the parameters of Bankruptcy Rule 2004, as it relates to the "property or to the liabilities and financial condition of the debtor," and the Requested Records vitally concern and affect the administration of the Debtors' estates. Fed. R. Bankr. P. 2004(b). The records, simply put, are necessary to administer the estates and prepare future tax returns. Absent this information, the Trustee's ability to fulfill his mandates under the Bankruptcy Code will be restricted and unduly prejudiced.

15. The Trustee and his professionals have attempted to obtain such documents through alternative avenues, including the Debtors' own books and records. Moreover, the documents are not complex or innumerable, nor will their production by RSM be unduly burdensome. To the contrary, the records are of the sort often requested by current and former clients. Accordingly, the Trustee submits that good cause exists for the Court to grant the Motion and enter the attached form of order, compelling RSM to produce the Tax Records.

## CERTIFICATION OF CONFERENCE

16. As explained above, the Trustee, through his professionals, contacted RSM requesting the Tax Records. The Trustee's accountants also have had follow-up correspondence with RSM. To date, however, RSM has declined to produce the Tax Documents absent Court intervention. Accordingly, it is necessary to for the Trustee to file this Motion. The Trustee remains hopeful a consensual resolution of the issues discussed herein will be possible, and, to the extent feasible, will continue to work with the RSM towards this end after the filing of this Motion.

## NOTICE

17. Pursuant to Local Rule 2004-1(d), the Trustee will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) RSM and (c) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

*   *   *

WHEREFORE, the Trustee requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A: (i) directing RSM to produce the Tax Records within 14 days of entry of the Order, or such other relief and such other date as may be agreed to by the Trustee; and (ii) granting such other relief as is just and proper.

Dated: October 31, 2023                     ASHBY & GEDDES, P.A.

                                            _/s/ Ricardo Palacio_
                                            Ricardo Palacio (#3765)
                                            500 Delaware Avenue, 8th Floor
                                            P.O. Box 1150
                                            Wilmington, Delaware 19899
                                            (302) 654-1888
                                            Email: rpalacio@ashby-geddes.com

                                            *Counsel for Don A. Beskrone,*
                                            *Chapter 7 Trustee*