IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>U.S. AUTO SALES, INC. D/B/A US AUTO SALES, *et al.*[1]<br><br>      Debtors. | ) Chapter 7<br>)<br>) Case No. 23-11251 (TMH)<br>)<br>)<br>) **Objections Due: December 14, 2023 at 4:00 p.m. (ET)**<br>) **Hearing Date: January 16, 2024 at 10:00 a.m. (ET)** |

**SUPPLEMENTAL APPLICATION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 328, FED. R. BANKR. P. 2014 AND 2016, AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT OF BEDERSON LLP AS ACCOUNTANTS, *NUNC PRO TUNC* TO AUGUST 25, 2023**

Don A. Beskrone, Chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their estates, pursuant to 11 U.S.C. §§ 327 and 328 of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby files this supplemental application (the "Supplemental Application") seeking entry of an Order, substantially in the form attached here to as **Exhibit A**, authorizing the employment and retention of Bederson LLP ("Bederson") as his accountants, *nunc pro tunc* to August 25, 2023.  In support of the Supplemental Application, the Trustee incorporates by reference the Declaration of Charles N. Persing, attached hereto as **Exhibit B** (the "Persing Declaration") as well as (i) the *Application for an Order Pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014 and 2016, and Local Rule 2014-1, Authorizing the Employment of Bederson*

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: U.S. Auto Sales, Inc. (2294), U.S. Auto Finance, Inc. (9544), U.S. Auto Receivables Financing, LLC, (2297), USASF, LLC (8885), USASF National Corp. (4652) and USASF Servicing, LLC (5315).

*LLP, as Accountants to Don A. Beskrone, Chapter 7 Trustee, Nunc Pro Tunc to August 25, 2023* (the "Primary Application") (D.I. 19), and (ii) the *Declaration of Charles N. Persing in Support of Application for an Order Pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014 and 2016, and Local Rule 2014-1, Authorizing the Employment of Bederson LLP, as Accountants to Don A. Beskrone, Chapter 7 Trustee, Nunc Pro Tunc to August 25, 2023* (the "Primary Declaration") (D.I. 19-3), which were filed on September 28, 2023.  In further support of the Supplemental Application, the Trustee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over these Cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 327, and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

5. Pursuant to Local Bankruptcy Rule 9013-1, the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relevant Background**[2]

6. On August 25, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases").

7. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Cases.

8. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on September 27, 2023.

9. On October 13, 2023, the Court entered that certain Order [D.I. 28] (the "Primary Retention Order") approving the Primary Application and authorizing the Trustee to retain Bederson as his accountants *nunc pro tunc* to August 25, 2023.

10. The Trustee is in the process of investigating the Debtors' assets with the intent of maximizing value for the benefit of creditors.

**Relief Requested**

**Scope of Additional Services**

11. By this Supplemental Application, the Trustee seeks the entry of an Order authorizing the employment and retention of Bederson pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1 as his accountants, effective *nunc pro tunc* to August 25, 2023 in order to clarify the scope of Bederson's services with respect to the administration of the Debtors' 401(K) Plan, called the USASF LLC 401(K) Plan (the "401(K) Plan"), and an alternate payment structure for Bederson's fees and expenses related to such services.

---

[2] The Trustee recites this background based on a preliminary investigation of the Debtors and their business. The Trustee reserves his right to amend or alter this background or other asserted statement of fact as the Trustee and his professionals learn more about the Debtors through further investigation.

12. The Primary Application requested Court authorization and approval of Bederson's retention to perform services generally related to the administration of the Debtors' estate, including services related to the Debtors' 401(K) Plan. By this Supplemental Application, the Trustee seeks to clarify and disclose the means by which Bederson shall be compensated for fees and expenses incurred related to the administration of the Debtors' 401(K) Plan, which services, more specifically, may include:

a. Examine the books and records of the Plan;

b. Contact participants and collect their distribution request forms;

c. Work with the Plan's record keeper and Plan asset custodian, Transamerica, to administer the Plan and process Participant distribution requests;

d. Monitor the 401(K) Plan termination to ensure that all funds are appropriately distributed to participants who submit benefit distribution request forms;

e. Correspond with participants to address their inquiries regarding termination issues;

f. Research participant addresses and attempt to locate non-responding participants;

g. Coordinate the roll-over of non-responding participant account balances into Individual Retirement Accounts;

h. Review the Plan's prior and current annual Form 5500 information returns and any other returns, schedules, or documents which are necessary or appropriate for the Plan to file with taxing authorities;

i. Obtain information from the Plan's record keeper and the Plan asset custodian necessary to prepare annual Forms 5500;

j. Perform financial statement audits for the 2022 and 2023 Forms 5500;

k. Prepare and file Forms 5500 for 2022, 2023 and 2024 if necessary, and assist the Trustee with requesting prompt determinations;

l. Assist the Trustee in the preparation of any additional required reports and returns; and

  m. Correspond with the Department of Labor ("DOL") and tax authorities, and address any concerns they may have regarding the Plan's termination.

Bederson seeks authorization for a flat fee of $19,000.00 for such services, which shall be paid as an expense of administration of the 401(K) Plan, and shall be paid solely from the funds of the 401(K) Plan. No fees or expenses for such services shall be paid from property of the Debtors' estates.

  13. The Trustee understands and believes that the proposed fee arrangements related to the foregoing services is on-par with rates and structures charged by similarly situated firms. Moreover, insofar as the foregoing services are to be performed solely as they relate to the Debtors' 401(K) Plan, and because the flat fee payment for such services will be borne by the 401(K) Plan, the Trustee believes that Bederson should not be required to file fee and expense applications with this Court for their services related to the 401(K) Plan, and thus requests that they be excused from doing so (to the extent otherwise required).

## Basis for Relief

  14. Consistent with the Primary Application, the Trustee seeks approval of the Supplemental Application pursuant to Bankruptcy Code sections 327 and 328. As set forth below, the Trustee believes Bederson satisfies the disinterestedness standard of section 327(a). As set forth in section 327(a) of the Bankruptcy Code, a trustee, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). The term "disinterested person" is defined as "a person that—(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially

adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14).

15. Moreover, section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to Court approval, professional persons to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. *See* 11 U.S.C. § 328(a).

### A.  Bederson's Qualifications

16. As set forth in the Primary Application, the Trustee seeks to retain Bederson as his accountants because of Bederson's knowledge and expertise in providing accounting services to bankruptcy trustees and debtors. Bederson's accountants are Certified Fraud Examiners and Certified Insolvency and Restructuring Advisors, with experience in analyzing debtors' books and records. Bederson is a private firm that employs approximately forty-five (45) professionals. Bederson and its professionals frequently act as accountants to liquidation trustees and creditors' committees in bankruptcy cases throughout New Jersey, as well as New York, Pennsylvania, Delaware and Connecticut.

17. The Trustee believes that Bederson has the requisite expertise to perform the accounting services and, specifically, services related to the 401(K) Plan. Bederson is able to quickly staff and complete tasks within the necessary time period in these Cases[3]. The Trustee believes that Bederson is eminently qualified to serve in these Cases and that, accordingly, the

---

[3] Contemporaneously herewith, the Trustee has also filed an application to retain Coulter & Justus, P.C. ("Coulter") to assist in the administration of the 401(K) Plan. Coulter and Bederson will coordinate efforts to ensure non-duplication of services.

{01953194;v2 }                                        6

employment of Bederson by the Trustee as set forth in both the Primary Application and this Supplemental Application is in the best interest of the estates.

**B. Bederson Is Disinterested**

18. The Trustee further believes that Bederson has no disqualifying conflicts of interest. As set forth in the Primary Application, the Primary Declaration and the Persing Declaration, and subject to the disclosures made therein, after due inquiry, Bederson, nor any of their principal or professional employees of (a) are related professionally to any of the Debtors, their creditors or any other party in interest herein, the United States Trustee, or anyone employed in the United States Trustee's office, or (b) have any connection with or hold or represent any interest adverse to the Debtors, their estates, creditors, or any other party-in-interest herein or their respective attorneys in the matters for which Bederson has been, and is proposed to be, retained.

19. Indeed, to the best of the Trustee's knowledge, Bederson continues to be a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code. Bederson holds no interest adverse to the Debtors or their estates for the matters for which Bederson is to be employed. Bederson has no connection to the Debtor, its creditors or its related parties except as otherwise disclosed herein and in the Primary Application, the Supporting Declaration and the Persing Declaration.

<u>Notice</u>

20. A copy of this Application has been provided to (i) the Trustee; (ii) the Office of the United States Trustee; and (iii) all parties in interest having requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In addition, Notice of this Application has been served on all known beneficiaries under the Debtors' 401(K) Plan. The Trustee respectfully submits that no further notice is required.

**No Prior Request**

21.     Other than as set forth in the Primary Application, no prior motion or application for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 30, 2023<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Ricardo Palacio*<br>Ricardo Palacio (DE Bar No. 3765)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Tel: (302) 654-1888<br>Email: RPalacio@ashbygeddes.com<br><br>*Counsel for Don A. Beskrone, Chapter 7 Trustee* |