# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| U.S. AUTO SALES, INC. D/B/A US AUTO SALES, *et al.*[1] | ) Case No. 23-11251 (TMH) |
| | ) |
| Debtors. | ) **Objections Due:** December 14, 2023 at 4:00 p.m. (ET) |
| | ) **Hearing Date:** January 16, 2024 at 10:00 a.m. (ET) |

**APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 328, FED. R. BANKR. P. 2014 AND 2016 AND LOCAL RULE 2014-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF COULTER & JUSTUS P.C. AS SPECIAL ACCOUNTANTS TO DON A. BESKRONE, CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO AUGUST 25, 2023**

Don A. Beskrone, Chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their estates, pursuant to 11 U.S.C. §§ 327 and 328 of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby files this application (the "Application") seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Coulter & Justus P.C. ("Coulter") as special accountants to the Trustee *nunc pro tunc* to August 25, 2023 to assist the Trustee in the administration and termination of the Debtors' 401(k) plan, referred to generally as the USASF LLC 401(K) Plan (the "401(K) Plan"). In support of the Application, the Trustee relies upon and incorporates by reference the Declaration of Dawn

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: U.S. Auto Sales, Inc. (2294), U.S. Auto Finance, Inc. (9544), U.S. Auto Receivables Financing, LLC, (2297), USASF, LLC (8885), USASF National Corp. (4652) and USASF Servicing, LLC (5315).

{01953219;v2 }

Doucette (the "Doucette Declaration"), attached hereto as **Exhibit B**. In further support of the Application, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these Cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A). The Trustee confirms his consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1.

5. Pursuant to Local Bankruptcy Rule 9013-1, the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND[2]

6. Prior to the Petition Date (as defined below), the Trustee understands that the Debtors owned and operated a used car dealership and provided financing. The Trustee further

---

[2] The Trustee recites this background based on a preliminary and ongoing investigation of the Debtors and its business. The Trustee reserves the right to delete, amend, or expand upon any statement of fact as the Trustee and his professionals learn more about the Debtors.

{01953219;v2 }    2

understands that Debtors' principal place of business was 1855 Satellite Blvd., Suite 100, Duluth, GA 30097.

7. On August 25, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases"). [Docket Nos. 1]. On the same day, the Debtors filed their schedules of assets and liabilities, as well as its statement of financial affairs [Docket Nos. 3].

8. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in these Cases.

9. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on September 27, 2023.

## RELIEF REQUESTED

10. By this Application, the Trustee seeks authority to retain and employ Coulter pursuant to sections 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 as his special accountants, effective *nunc pro tunc* to August 25, 2023.

## BASIS FOR RELIEF

11. As set forth in section 327(a) of the Bankruptcy Code, a trustee, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). The term "disinterested person" is defined as "a person that—(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or

equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason." 11 U.S.C. § 101(14).

12. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to Court approval, professional persons to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. *See* 11 U.S.C. § 328(a).

### A. Coulter's Qualifications

13. The Trustee seeks to employ Coulter as special accountants because of Coulter's knowledge and expertise in providing auditing services for the "401(K) Plan" and, critically, its prior dealings with and knowledge of the Debtors. Coulter has served the 401(K) Plan as auditors for six years. Coulter is an accounting firm in Tennessee with over 35 certified public accountants and is a member of the American Institute of Certified Public Accountants Employee Benefit Plan Audit Quality Center. Coulter performs over 200 employee benefit plan audits each year.

14. The Trustee believes that Coulter has the requisite expertise to perform the particular services, i.e. the audits of the 401(K) Plan, for which its employment is proposed. Coulter is able to quickly staff and complete tasks within the necessary time period in these Cases[3]. The Trustee believes Coulter is eminently qualified to serve in these Cases and that, accordingly, the employment of Coulter by the Trustee is in the best interest of the estate.

---

[3] Contemporaneously herewith, the Trustee has also filed a supplemental application to retain Bederson LLP ("Bederson") to assist in the administration of the 401(K) Plan. Coulter and Bederson will coordinate efforts to ensure non-duplication of services.

{01953219;v2 }    4

### B. Coulter is a Disinterested Person

15. The Trustee further believes that Coulter has no disqualifying conflicts of interest. As set forth in the Doucette Declaration, and subject to the disclosures therein, after due inquiry, neither Coulter nor any principal or professional employee of Coulter (a) is related professionally to the Debtors, their creditors or any other party in interest herein, the United States Trustee, or anyone employed in the United States Trustee's Office, or (b) has any connection with or holds or represents any interest adverse to the Debtors, their estate, creditors, or any other party in interest herein in the matters for which Coulter is proposed for employment.

16. As further set forth in the Doucette Declaration, Coulter has not provided accounting services and is not providing accounting services to any parties in interest and has not been retained to assist any entity or person other than the Trustee on matters relating to, or in connection with, these Cases except as disclosed in the Doucette Declaration. As further set forth in the Doucette Declaration, should the Court approve the Trustee's proposed employment of Coulter, Coulter will not accept any engagement or perform any service in these Cases for any entity or person other than the Trustee. As further set forth in the Doucette Declaration, Coulter has advised the Trustee that it does not have or represent any interest adverse to the interest of the Trustee, Debtors, or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, their creditors or the Trustee.

17. Thus, as set forth in the Doucette Declaration, and subject to the disclosures therein, Coulter is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, such that none of Coulter's officers, directors, managers, members, partners, and employees:

(a) Is a creditor, an equity security holder, or an insider of the Debtors;

  (b) Is or was, within 2 years before the Petition Date, a director, officer, or employee of the Debtors; and

  (c) Has an interest materially adverse to the interest of the estate or any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

18.  The Trustee therefore believes Coulter is qualified to serve as special accountants to the Trustee in these Cases.

  **C. Terms of Coulter's Employment**

19.  The services Coulter may be required to render to the Trustee include, without limitation, the following related to the administration of the Debtor's 401K Plan:

  a) Examine the books and records of the Plan;

  b) Review the Plan's prior and current annual Form 5500 information returns and any other returns, schedules, or documents which are necessary or appropriate for the Plan to file with taxing authorities;

  c) Obtain information from the Plan's record keeper and the Plan asset custodian necessary to audit the annual financial statements which will be filed with the Forms 5500;

  d) Perform financial statement audits for the years ended 2023 and 2024, which will be filed with the appropriate Forms 5500;

  e) Coulter seeks authorization for a flat fee of $13,500.00 for such services, which shall be paid as an expense of administration of the 401k Plan, and shall be paid solely from the funds of the 401k Plan. No fees or expenses for such services shall be paid from property of the Debtors' estates.

20.  The Trustee requests that Coulter be compensated for its professional services on a flat-fee basis, plus reimbursement of reasonable out-of-pocket expenses incurred in the course of providing such services.

21.  The Trustee understands and believes that the proposed fee arrangements related to the foregoing services is on-par with rates and structures charged by similarly situated firms. Moreover, insofar as the foregoing services are to be performed solely as they relate to the Debtors'

401k Plan, and because the flat fee payment for such services will be borne by the 401k Plan, the Trustee believes that Coulter should not be required to file fee and expense applications with this Court for their services related to the 401k Plan, and thus requests that they be excused from doing so (to the extent otherwise required).

22. As set forth in the Doucette Declaration, Coulter has not shared or agreed to share any of its compensation in these Cases with any other person, other than a principal, professional or employee of Coulter, as permitted by section 504 of the Bankruptcy Code, and Coulter's proposed employment is not prohibited by Bankruptcy Rule 5002.

23. The Trustee also seeks to employ Coulter *nunc pro tunc* to August 25, 2023. Since that date, Coulter has been providing services as requested by the Trustee.

D. *Nunc Pro Tunc*

24. The Trustee and the estate have benefited from the work performed by Coulter as a result of its work related to the 401(K) Plan, including exchanging numerous emails with Debtors' former personnel and Trustee's professionals to coordinate delivery of records and review case background; following up with the Debtors' principals and Trustee's professionals to request necessary financial and tax records; and undertaking other measures to benefit the 401(K) Plan and the estate. Coulter has completed the audit of the 2022 401(K) Plan and issued the financial statements on October 10, 2023. The Trustee submits there is no doubt about Coulter's "disinterestedness" and there existed no intentional design to delay the filing of the instant application.

**NOTICE**

25. A copy of this Application has been provided to (i) the Trustee; (ii) the Office of the United States Trustee; and (iii) all parties in interest having requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In addition, Notice of this Application has been served on

all known beneficiaries under the Debtors' 401(K) Plan. The Trustee respectfully submits that no further notice is required.

## NO PRIOR REQUEST

26.    No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: November 30, 2023

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: RPalacio@ashbygeddes.com

*Counsel for Don A. Beskrone,*
*Chapter 7 Trustee*